RICHWOOD HOMES, INC., APPELLEE, *v.* BROWN, APPELLANT.

(No. 81AP-356—Decided October 29, 1981.)

*Zacks, Luper & Wolinetz Co., L.P.A., Mr. Barry H. Wolinetz* and *Mr. Henry P. Wickham, Jr.,* for plaintiff-appellee.

*Mr. Donald A. Hertlein,* for defendant-appellant.

REILLY, J. This is an appeal from a judgment of the Franklin County Municipal Court.

The record shows that plaintiff-appellee, Richwood Homes, Inc., filed an action setting forth claims for restitution of leased premises, demand for past due rent, and undetermined damages for breach of a purchase contract.

Defendant-appellant, David S. Brown, filed an answer and counterclaim for specific performance on the purchase contract and damages. The counterclaim exceeded the municipal court's jurisdiction limitation and the trial was conducted solely on the first claim as set forth in plaintiff's complaint.

After opening arguments, plaintiff moved for a directed verdict, pursuant to Civ. R. 50, and defendant moved to dismiss. The trial court denied defendant's motion, granted plaintiff's motion and found plaintiff was entitled to restitution of the premises. The trial court's judgment entry reads in pertinent part as follows:

"This matter came on for trial on the first cause of action of Plaintiff's Complaint for restitution of the premises, and upon the Answer and Counterclaim of the Defendants as they apply to Plaintiff's first cause of action; and upon consideration of the pleadings, the arguments of counsel, and the stipulations of the parties, the Court finds as follows.

"That the parties have entered into the following stipulations:

"1. That there was no rent deposit pursuant to Chapters 1923 and 5321 of the Ohio Revised Code;

"2. That the Defendants were properly served with notice to leave the premises pursuant to Ohio Revised Code Section 1923.04; and

"3. That the Defendants have not made any payments pursuant to paragraph 2 of the real estate purchase contract attached to the pleadings.

"The Court further finds that at the closing of opening arguments, Plaintiff moved the Court for an order for a directed verdict pursuant to Civil Rule 50 of the Ohio Rules of Civil Procedure. The Defendant moved that the Complaint be dismissed on the basis that the court did not have jurisdiction to hear this case under Sections 1923.01 and 1923.02 of the Ohio Revised Code and in the alternative that the pleadings do not state a cause of action against this Defendant. The Court finds that upon consideration of the pleadings, stipulations and arguments of counsel, that upon any determinative issue reasonable minds could come to but one conclusion and that the conclusion is adverse to the Defendants, and accordingly that the motion of Plaintiff is well taken and is hereby sustained. The motions of the Defendant are overruled.

"The Court further finds that Plaintiff is entitled to restitution of the premises.

"IT IS FURTHER ORDERED that judgment be entered in favor of Plaintiff on its first cause of action and that Plaintiff be entitled to restitution of the premises."

Defendant has now perfected this appeal, including the following assignments of error:

"I. The trial court lacked jurisdiction in this matter under Section 1923.02, Ohio Revised Code.

"II. The trial court erred in construing the contract sued upon as a lease, rather than as a contract for the purchase of real estate.

"III. The trial court erred in that eviction of appellant is tantamount to a forfeiture.

"IV. The trial court erred in allowing appellee to maintain an action in forcible entry and detainer without complying with Chapter 5321, Ohio Revised Code.

"V. It was error to preclude appellant from introducing evidence of defenses below.

"VI. Appellant further assigns as error any errors apparent on the face of the record."

As to defendant's first assignment of error, the municipal court has jurisdiction to hear a forcible entry and detainer action, pursuant to R.C. 1901.18(H). This case, however, involves several issues, which the court did not have jurisdiction to determine. These issues, which the court dismissed for lack of jurisdiction, are directly related to the claim on which the court heard the case.

The court of common pleas also has jurisdiction to hear forcible entry and detainer actions. *Seventh Urban, Inc.* v. *University Circle* (1981), 67 Ohio St. 2d 19 [21 O.O.3d 12]. Further, unquestionably, the court of common pleas has jurisdiction over those matters which the municipal court dismissed. Therefore, since the common pleas court has jurisdiction to decide all matters in this action, it was error for the municipal court to decide only the forcible entry and detainer part of the case, rather than transferring the entire action to the common pleas court for a complete adjudication upon all issues.

There is more involved than a forcible entry and detainer in this case. Such a limited disposition would necessarily leave defendant with an inadequate remedy of moving out and then suing for title and damages. Therefore, defendant's first assignment of error is sustained.

Accordingly, it follows that the remaining assignments of error become moot and are overruled.

Whereupon, for the foregoing reasons, the judgment is reversed and remanded to the Franklin County Municipal Court with instructions to transfer this action to the common pleas

court for determination of all issues in the entire case.

*Judgment reversed and case remanded.*

McCormac and Celebrezze, JJ., concur.

Celebrezze, J., of the Eighth Appellate District, sitting by designation in the Tenth Appellate District.