THE STATE, EX REL. PENN ET AL., *v.* SWAIN, JUDGE.

(No. 10-128—Decided December 31, 1984.)

*Roberta M. Reed* and *Kenneth J. Kowalski,* for relators.

*Richard A. Swain, pro se.*

FORD, J. The present original action was filed to prohibit respondent, the Honorable Judge Richard A. Swain, from proceeding to trial on actions which had been filed against relators, Tanya Penn and Terrence Ford, in the Mentor Municipal Court.

The agreed statement of facts outlines the factual basis of this action:

"1. On September 12, 1983, Mentor Lagoons, Inc., a domestic corporation, as landlord filed a complaint in the Mentor Municipal Court against Relator Tanya D. Penn. * * *

"2. On October 5, 1983, Mentor Lagoons, Inc. filed a complaint against Relator Terrence J. Ford in the Mentor Municipal Court. * * *

"3. On or about December 8, 1983, Plaintiff Mentor Lagoons, Inc. filed an amended complaint in its case against Relator Tanya D. Penn. * * *

"4. Respondent, the Honorable Judge Richard A. Swain, is the presiding judge in both of the above actions.

"5. On or about January 12, 1984, Relators each filed Answers, Counterclaims and Jury Demands in their cases against Mentor Lagoons, Inc. Defendant Tanya D. Penn claimed Eighteen Thousand Four Hundred Thirty-Eight Dollars ($18,438.00) in damages by her counterclaims. Defendant Terrence Ford counterclaimed for Eighteen Thousand One Hundred Sixty-two Dollars ($18,162.00) in damages. In each of the two cases, a jury was demanded as to all issues. * * *

"6. On or about January 15, 1984, Plaintiff Mentor Lagoons, Inc. filed in each of the two cases a motion to deny Defendant's Jury Demand. * * *

"7. On January 25, 1984 Relators filed in their respective cases Motions to Certify the Proceedings to the Lake County Court of Common Pleas pursuant to O.R.C. Section 1901.22(E). * * *

"8. On or about January 30, 1984, Respondent granted [the] motion to certify in each of the two cases only with regard to the Counterclaims and ordered that the trial on the claims of Plaintiff would proceed as scheduled in the Mentor Municipal Court. * * *

"9. On February 6, 1984, each Relator filed a Motion for Reconsideration of the order of January 3 [sic], and again urged Respondent to certify the proceedings to the Lake County Court of Common Pleas pursuant to Ohio R. Civil P. 13(J) and O.R.C. Section 1901.22(E). * * *

"10. On February 6, 1984, Relators also filed Memoranda in opposition to Plaintiff's Motions to deny Jury Demand. * * *

"11. On February 9, 1984, Counsel for relators was informed by telephone that Respondent had denied both the motions for reconsideration and the jury demands of Relators. * * *

"12. Relators filed this action in Prohibition on or about February 13, 1984.

"It is stipulated by the parties that the above is the material evidence in the case and that the facts as stated may be approved and regarded as true by the Court of Appeals for Lake County, Ohio and this agreed case shall be taken by the court as the record in this case." (References to attached exhibits deleted.)

The relators present three questions to this appellate court.

First Issue:

"Whether or not the entire case must be certified to the Court of Common Pleas when a party's counterclaims exceed the jurisdictional amount of the Municipal Court."

Second Issue:

"Whether or not the Municipal Court may separate the claims from the counterclaims by retaining jurisdiction over the claims while certifying the counterclaims to the Court of Common Pleas."

Third Issue:

"Whether or not it is proper for a Municipal Court to separate the claims from the counterclaims by retaining jurisdiction over the claims while certifying the counterclaims to the Court of Common Pleas solely on the basis that a defendant made a request for a jury demand."

Relators' propositions are addressed together as each maintains that respondent improperly retained jurisdiction on the complaints against relators by Mentor Lagoons, Inc.

"In any action in a municipal court in which the amount claimed by any defendant in any statement of counterclaim exceeds the jurisdictional amount, the judge *shall certify the proceedings in the case* to the court of common pleas, except in the Cleveland municipal court." (Emphasis added.) R.C. 1901.22(E).

Civ. R. 13(J) also requires that the proceedings be transferred to the common pleas court if the counterclaim exceeds the jurisdiction of the court.

The Ohio Supreme Court has held under similar facts:

"We hold this to be so even though the amount that is involved in the contract is greater than the monetary jurisdiction of the municipal court, as long as no amount greater than the monetary jurisdiction of the court is claimed by the counter-claimant." *Behrle* v. *Beam* (1983), 6 Ohio St. 3d 41, 45.

In a footnote, the court stated that once the counterclaim exceeded the jurisdictional limitations of the municipal court, the proceedings would be certified to the common pleas court pursuant to Civ. R. 13(J). *Id.* at 45, fn. 1. A logical interpretation of the above authorities, thus, requires the entire case to be certified to the common pleas court.

In view of our decision above, relators' questions in regard to a jury demand need not be addressed.

Therefore, the Mentor Municipal Court, Honorable Judge Richard A. Swain, is ordered to certify both the matter of the complaint against relators and their counterclaims to the Lake County Common Pleas Court for further proceedings.

*Writ allowed.*

Cook, P.J., and Dahling, J., concur.