WELLS *v.* CUNNINGHAM.

(No. 90 CVG 609—Decided
July 24, 1990.)

Lakewood Municipal Court.

*Joseph J. Corso,* for plaintiff.
*R. Patrick Kelly,* for defendant.

PATRICK CARROLL, J. The plaintiff, Hazel J. Wells, commenced this action for forcible entry and detainer against the defendant, Richard Cunningham. A hearing was held on the issue of the plaintiff's claim for relief. The plaintiff was the sole witness at the hearing. The remainder of the evidence in this case was submitted to the court by stipulations of the parties. The evidence in the record shows that the material facts in this case are not in dispute.

This case arises out of an attempt by the plaintiff to transfer the real property located at 1590 Elbur Avenue, Lakewood, Ohio (the "Elbur property"), to her niece, Debra Cunningham. Debra Cunningham died on November 22, 1989. The defendant, Richard Cunningham, is the surviving spouse and the administrator of the estate of Debra Cunningham.

On August 11, 1988, the plaintiff executed a quitclaim deed of the Elbur property to Debra Cunningham. The deed was signed by the plaintiff and notarized in Spencer, Indiana. A copy of this deed was admitted into evidence. According to its terms, the deed conveyed the plaintiff's entire interest in the Elbur property to Debra Cunningham.

The deed was subsequently delivered to Debra Cunningham. The record shows that the deed from the plaintiff to Debra was never recorded. The plaintiff delivered the deed to Debra with the understanding that the defendant had released his dower rights and any rights or interests in the Elbur property. The record shows that the defendant signed a document on July 7, 1988, waiving any right of dower or property interest in the Elbur property.

The plaintiff testified that the house was originally rented by Debra from her aunt. There was no written lease or rental agreement. Although they occupied the house, neither Debra nor the defendant paid rent to the plaintiff and, consequently, the rent was in arrears. While the parties stipulated that there was an arrearage in the rent as of July 1988, the parties were not able to stipulate to the amount which is owed to the plaintiff. No evidence was presented on this issue. The plaintiff testified that after the deed was delivered to Debra, her niece was to obtain an equity loan on the Elbur property to pay the plaintiff the money owed.

The defendant and Debra Cun-

ningham separated sometime in 1989. At the time that the deed was delivered to Debra, she was living in the house with her three children. She continued to live at the Elbur property until her death in November 1989. The defendant moved back into the house in September 1989, just prior to Debra's death.

Subsequent to the death of Debra Cunningham, the plaintiff regained possession of the unrecorded deed to the Elbur property. The defendant is claiming an ownership interest in the Elbur property as the surviving spouse of Debra Cunningham.

On February 20, 1990, the plaintiff commenced this action for forcible entry and detainer. There is no dispute in the record that the defendant has not paid any rent to the plaintiff over the past year. The parties stipulated that the defendant was properly served with a three-day notice to vacate the premises.

The defendant responded to the complaint by filing an answer and counterclaim. The defendant's counterclaim is in the nature of a declaratory judgment action to quiet title to the Elbur property. No monetary damages were sought by either party. The case was submitted to the court on the stipulations of facts, exhibits, and testimony of the plaintiff.

The primary issue in this case is the jurisdiction and the ability of this court to proceed with the adjudication of the claims raised in the pleadings. With respect to the plaintiff's claim, a municipal court is vested with both jurisdiction and authority to hear and determine a claim for forcible entry and detainer. R.C. 1901.18(A)(8). Moreover, on the basis of the stipulations and evidence submitted to the court in the present case, the plaintiff, as the record owner of the Elbur property, would be entitled to judgment on her claim for eviction.

The defendant contends, however, that his declaratory judgment counterclaim to quiet title is beyond the jurisdiction of this court and, therefore, the entire case, including the forcible entry and detainer claim, should be transferred to the common pleas court for adjudication. A common pleas court has concurrent jurisdiction with a municipal court to hear a forcible entry and detainer action. *Seventh Urban, Inc.* v. *University Circle Property Development, Inc.* (1981), 67 Ohio St. 2d 19, 21 O.O. 3d 12, 423 N.E. 2d 1070. Because the jurisdiction is concurrent in nature, the ability of the common pleas court to hear such a claim, however, does not, by itself, deprive the municipal court of jurisdiction.

The issue of this court's ability to proceed to adjudicate the claims raised in this case is, to some extent, dependent upon the defendant's counterclaim. The subject matter jurisdiction of a municipal court, exclusive of its monetary limitations, is set out in R.C. 1901.18. With respect to claims involving real property, the subject matter jurisdiction of a municipal court is limited, for the most part, to forcible entry and detainer proceedings. As the court noted in *Behrle* v. *Beam* (1983), 6 Ohio St. 3d 41, 44, 6 OBR 61, 64, 451 N.E. 2d 237, 239-240,

"[A]n action of forcible entry and detainer is an action at law based upon contract. It is an action to obtain possession or repossession of real property which had been transferred from one to another pursuant to contract * * *. Such a proceeding is not an action to determine ownership of the title to the property. * * *"

An action in forcible entry and detainer is limited to determining the present right of possession of the property. Although, in determining the right of present possession, the claims may call into question the title of the property, determination of title is only

incidental to the determination of the right to present possession. *Haas* v. *Gerski* (1963), 175 Ohio St. 327, 330, 25 O.O. 2d 212, 213-214, 194 N.E. 2d 765, 767.

Other than R.C. 1901.18(A)(8), there is no statutory authority that would confer jurisdiction upon a municipal court to hear and determine an action to quiet title. A municipal court may not enlarge upon its statutory grant of jurisdiction. In the absence of any such statutory authority, this court is without jurisdiction to hear and determine the defendant's counterclaim in this case.

Although, as was stated earlier, a municipal court may address the issue of title in determining a forcible entry and detainer claim, any such determination of title is only incidental to the issue of possession and does not bind the common pleas court. *Haas* v. *Gerski, supra,* at 330, 25 O.O. 2d at 213-214, 194 N.E. 2d at 767. Based on the foregoing, it is clear that the proper forum for the counterclaim in the present case is the common pleas court, not the municipal court. Having determined the jurisdiction of the claim and counterclaim, the issue to be resolved is the disposition of the two claims.

In support of his position that the entire case should be transferred to the common pleas court, the defendant relies on *Richwood Homes, Inc.* v. *Brown* (1981), 3 Ohio App. 3d 204, 3 OBR 232, 444 N.E. 2d 463. In *Richwood,* the defendant brought a counterclaim for breach of contract, specific performance and monetary damages in a forcible entry and detainer action. The municipal court determined that it did not have jurisdiction to hear the counterclaim and dismissed it without prejudice. The municipal court then proceeded with the claim for forcible entry and detainer. On appeal, the appellate court reversed the dismissal, holding that the entire case should have been certified to the common pleas court.

The court's decision in *Richwood, supra,* while based on facts similar to those in the present case, is not dispositive of the issues in this case. Part of the counterclaim in *Richwood, supra,* was a claim for money damages that exceeded the monetary jurisdiction of the municipal court.

When a counterclaim is raised that exceeds the monetary limit of the municipal court, Civ. R. 13(J) requires the case to be certified to the common pleas court. The transferring provision of Civ. R. 13(J) is mandatory in nature if the amount of a properly asserted counterclaim exceeds $10,000 and applies to the entire case, not just the counterclaim. *State, ex rel. Penn,* v. *Swain* (1984), 21 Ohio App. 3d 119, 21 OBR 127, 486 N.E. 2d 1187. Thus, because the counterclaim in *Richwood, supra,* set out a claim for money damages in excess of the monetary jurisdiction of the municipal court, the proper course of conduct was to transfer the entire case to the common pleas court.

The scope of Civ. R. 13(J), authorizing the certification of a case from the municipal to the common pleas court, is limited to a counterclaim for money damages which exceeds the monetary jurisdiction of the municipal court. *State, ex rel. Penn,* v. *Swain, supra.* See, also, *Behrle* v. *Beam, supra,* at 45, 6 OBR at 65, 451 N.E. 2d at 240. The effect of the operation of the rule is to create an exception to the general rule of dismissal for lack of subject matter jurisdiction by permitting the transfer of a case to the common pleas court when the municipal court was originally vested with subject matter jurisdiction, but subsequently ousted of that jurisdiction due to the amount of money damages in a

counterclaim, cross-claim, or third-party claim.

In the present case the defendant's counterclaim did not assert a claim for money damages. Thus, the certification procedure set out in Civ. R. 13(J) is not applicable.

Moreover, Civ. R. 13(J) is addressed to cases in which the counterclaim *exceeds* the monetary jurisdiction of the municipal court. In such situations, a municipal court would have jurisdiction to hear and determine the counterclaim, but for its amount. The counterclaim raised by the defendant in the present case is one which the municipal court is wholly without jurisdiction to hear, regardless of the amount of damages sought. The lack of jurisdiction of the court in the present case is not based upon the amount of the counterclaim, but rather, on the nature of the counterclaim asserted. Consequently, Civ. R. 13(J) does not constitute authority for this court to transfer the case to the common pleas court.[1]

A similar situation was addressed by the court in *Lin* v. *Reid* (1983), 11 Ohio App. 3d 232, 11 OBR 356, 464 N.E. 2d 189. In that case the defendant filed a counterclaim for libel and slander in the small claims division of the municipal court. The counterclaim, which exceeded the monetary jurisdiction of the municipal court, resulted in the transfer of the entire case to the common pleas court. The defendant ultimately obtained a default judgment on the counterclaim in the common pleas court. On appeal, the appellate court reversed the decision of the lower court on the grounds that the transfer of the case to the common pleas court was improper. In arriving at its conclusion, the court of appeals held that because the counterclaim was filed in a court that did not have subject matter jurisdiction, the proper course of action was to dismiss, not certify, the counterclaim. As the court in *Lin, supra,* stated:

"If the small claims division is totally without jurisdiction, it is without authority to take jurisdiction for the purpose of certification. It must simply dismiss for lack of jurisdiction." *Id.* at 236, 11 OBR at 361, 464 N.E. 2d at 193.

The court in *Lin* went on to conclude that since the counterclaim should have been dismissed for lack of subject matter jurisdiction, the complaint should have been retained by the municipal court, for the basis of transfer was removed. *Id.* at 236, 11 OBR at 361, 464 N.E. 2d at 193-194.[2]

In the present case, this court's lack of authority to hear or transfer the defendant's counterclaim for quiet title is based on the nature of the claim itself as being outside the subject matter jurisdiction of the court, rather than the amount of the counterclaim. Thus, the defendant's counterclaim never belonged in this court. Under the mandatory requirements of Civ. R. 12(H)(3), the court must dismiss the

---

[1] Although R.C. 1901.22(E) also authorizes the certification of a case to the common pleas court, this authority is limited to those situations in which the amount of the counterclaim exceeds the monetary jurisdictional limit of the municipal court. Thus, while the language of this statute differs from the language of Civ. R. 13(J), the operation of both the statute and the Civil Rule is the same.

[2] The *Lin* case was decided two years after the *Richwood* case, by the same court. Thus, to the extent that the *Richwood* decision could be asserted in support of the transfer of a case to the common pleas court on grounds other than the monetary jurisdiction of the municipal court, the holding in *Richwood, supra,* would appear to be in conflict with the court's subsequent decision in *Lin, supra.*

claim if the court lacks subject matter jurisdiction. *State, ex rel. Natl. Emp. Benefit Serv., Inc.,* v. *Cuyahoga Cty. Court of Common Pleas* (1990), 49 Ohio St. 3d 49, 50, 550 N.E. 2d 941, 942. Accordingly, the court never acquired jurisdiction to make any determination other than dismissal of the claim.

The court is cognizant of the principles favoring judicial economy and the consolidation of claims for adjudication. These principles, however, are not sufficient to overcome jurisdictional deficiencies in a claim for relief. Moreover, the court in *Haas* v. *Gerski, supra,* at paragraph two of the syllabus, specifically held that a forcible entry and detainer action may proceed in municipal court while an action to quiet title, concerning the same property, may be pending in the common pleas court. This holding in *Haas, supra,* was affirmed by the court in *State, ex rel. Carpenter,* v. *Warren Mun. Ct.* (1980), 61 Ohio St. 2d 208, 15 O.O. 3d 225, 400 N.E. 2d 391. In *Carpenter, supra,* the Supreme Court held that a municipal court may not stay a forcible entry and detainer proceeding until the quiet title action in the common pleas court, involving the same property, was completed.

While the two claims in both *Haas, supra,* and *Carpenter, supra,* were originally filed in separate courts, rather than in the same court, as in the present case, this distinction is not sufficient to ignore the holdings in these cases, *i.e.,* that a forcible entry and detainer action in a municipal court and a quiet title action in common pleas court, regarding the same property, may proceed simultaneously.

The principles of judicial economy and consolidation of claims must also be balanced against the underlying principles regarding forcible entry and detainer. It is firmly established that the purpose of the forcible entry and detainer statutes is to provide a summary, extraordinary, and speedy method of recovery of the possession of real estate. *Carroll* v. *O'Conner* (1874), 25 Ohio St. 617.

To ensure the expeditious nature of this remedy, strict statutory limitations are imposed upon continuances in these proceedings. R.C. 1923.08. To allow the automatic transfer of a case to the common pleas court on the basis of the counterclaim raised in this case, even assuming it was authorized by law, would permit the defendant to circumvent the forcible entry and detainer statutes and delay the eviction process by the mere filing of a jurisdictionally deficient counterclaim. Cf. *Carpenter, supra,* at 210, 15 O.O. 3d at 226-227, 400 N.E. 2d at 392.

In the present case the record shows that the plaintiff is the owner of record of the property at issue and has met all of the requirements to prevail on her claim for eviction. The jurisdictionally deficient counterclaim of the defendant, over which this court has no authority to hear or transfer, may not be used to delay the plaintiff's right to relief. Accordingly, for the foregoing reasons, the court enters judgment in favor of the plaintiff on her claim for eviction against the defendant. The defendant's counterclaim is dismissed without prejudice for lack of jurisdiction. The costs of this action are assessed against the defendant.

*Judgment accordingly.*