OPINION
{¶ 1} In May of 2000, appellant, Wayne Link, entered into a month-to-month lease to rent one-half of a duplex from appellee, Larry Lyons. On December 17, 2002, appellee filed a forcible entry and detainer action against appellant for non-payment of rent. On January 6, 2003, appellant filed an answer and counterclaim claiming fraud and abuse of process and requesting damages of $70,000. Because the counterclaim exceeded the municipal court's monetary jurisdiction, the trial court bifurcated the complaint from the counterclaim and transferred the counterclaim to the court of common pleas. Also, appellee's wife, Sharon Lyons, was joined as a real party in interest.
 {¶ 2} A hearing before the trial court commenced on January 13, 2003. By judgment entry filed same date, the trial court found in favor of appellees and ordered appellant to vacate the premises by January 21, 2003. Appellant complied with the order.
 {¶ 3} Appellant filed an appeal and this matter is now before his court for consideration. Assignments of error are as follows:
 I {¶ 4} "The trial court erred by granting the judgment for eviction when the plaintiffs-appellees did not meet their burden of proof."
 II {¶ 5} "The trial court erred by granting the judgment for eviction because the trial court `bifurcated' the plaintiffs-appellees claim for forcible entry and detainer from the defendant-appellant's counterclaim for fraud and abuse of process.
 III {¶ 6} "The trial court erred by granting the judgment for eviction because the trial court would not permit the defendant-appellee to present his defense of the issues."
 II {¶ 7} Appellant claims the trial court erred in retaining jurisdiction over the original complaint when his counterclaim for damages exceeded the trial court's jurisdiction.
 {¶ 8} On January 6, 2003, appellant filed an amended counterclaim, seeking $20,000 in compensatory damages and $50,000 in punitive damages. By judgment entry filed same date, the trial court bifurcated the complaint and counterclaim and transferred the counterclaim to the court of common pleas. The trial court retained jurisdiction on the original complaint for restitution of the premises. A hearing on the original complaint commenced on January 13, 2003. At the outset, appellant asked the trial court to reconsider its order of bifurcation. T. at 4-5. The trial court denied the request. T. at 5.
 {¶ 9} Appellant argues Civ.R. 13(J) mandates the transfer of the entire case to the court of common pleas:
 {¶ 10} "In the event that a counterclaim, cross-claim, or third-party claim exceeds the jurisdiction of the court, the court shall certify the proceedings in the case to the court of common pleas."
 {¶ 11} However, a Civ.R. 1(C) action for forcible entry and detainer is specifically exempt from the mandates of the civil rules:
 {¶ 12} "These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure (1) upon appeal to review any judgment, order or ruling, (2) in the appropriation of property, (3) in forcible entry and detainer, (4) in small claims matters under Chapter 1925, Revised Code, (5) in uniform reciprocal support actions, (6) in the commitment of the mentally ill, (7) in all other special statutory proceedings; provided, that where any statute provides for procedure by a general or specific reference to the statutes governing procedure in civil actions such procedure shall be in accordance with these rules."
 {¶ 13} Pursuant to R.C. 1901.18(A)(8), a municipal court has jurisdiction to hear "any action of forcible entry and detainer." That jurisdiction is concurrent with the court of common pleas. R.C. 1923.01. In Richwood Homes, Inc. v. Brown (1981), 3 Ohio App.3d 204, our brethren from the Tenth District found it was error to dismiss counts that were outside the jurisdiction of the municipal court and to proceed on the writ of restitution alone. The court based its decision on the fact that issues arising from the first complaint, the writ of restitution, were directly related to the claims outside the municipal court's jurisdiction.[1]
 {¶ 14} The matter sub judice involved claims of breach of the Landlord-Tenant Act and quiet enjoyment of the premises. It was a simple forcible entry and detainer action with counterclaims for fraud for lack of habitable living conditions and abuse of process.
 {¶ 15} The issue is whether the restitution of the premises matter may be heard separately from the fraud and abuse of process claims. We answer in the affirmative. Although the non-payment of rent can be excused by the landlord's failure to live up to the duties mandated in R.C. 5321.04, the appropriate remedy created by statute is within R.C.5321.07. During trial, appellant conceded he did not pay the entire rent and had not availed himself of the provisions of R.C. 5321.07. T. at 11-12, 16-18.
 {¶ 16} Based on the above facts, we find no error in bifurcating the complaint and counterclaim and hearing the restitution of the premises matter.
 {¶ 17} Assignment of Error II is denied.
 I, III {¶ 18} Appellant challenges the trial court's decision in ordering restitution of the premises based upon the evidence presented, and the trial court's denial to permit appellant to present evidence.
 {¶ 19} Because appellant complied with the trial court's order and vacated the premises, we find the issues raised herein to be moot. Res judicata on the damages issue does not apply. Haney v.Roberts (1998), 130 Ohio App.3d 293.
 {¶ 20} Assignments of Error I and III are dismissed.
 {¶ 21} The judgment of the Municipal Court of Knox County, Ohio is hereby affirmed.
By Farmer, J., Gwin, P.J. and Boggins, J. concur.
[1] The Richwood counterclaim involved claims for breach of contract and specific performance of a real estate purchase contract. The court noted "[t]here is more involved than a forcible entry and detainer in this case." Richwood at 205.