OPINION
{¶ 1} Plaintiff-appellant, Sondra K. Braun (hereinafter "Braun"), appeals the judgment of the Findlay Municipal Court dismissing her action to eject appellee, Newton Timbrook (hereinafter "Timbrook"), from her residence. Although originally placed on the accelerated calendar, we have elected, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.
 {¶ 2} Braun is the owner of a residence in Bluffton, Ohio. On or about May 1, 1985, Braun invited Timbrook to move into her residence as a guest. Braun and Timbrook continued to cohabitate for approximately eighteen years until 2003, when differences arose between the couple. At that time, Braun desired that Timbrook move out of the residence.
 {¶ 3} On September 4, 2003, Braun served Timbrook with a notice revoking his status as a guest and terminating any month to month tenancy that may have arisen by operation of law. Pursuant to the notice served upon Timbrook, the tenancy was to expire on November 1, 2003. On November 1, 2003, Timbrook refused to leave the residence. Braun, therefore, served Timbrook with a three-day notice to vacate the premises. Timbrook did not comply with this notice.
 {¶ 4} On November 14, 2003, Braun filed a complaint in the Findlay Municipal Court for forcible entry and detainer seeking to have Timbrook ejected from her residence and for an injunction against Timbrook to prevent further trespass. Braun also asked for compensatory damages in the amount of $10,000, and punitive damages in the amount of $5,000.
 {¶ 5} Timbrook filed an answer to the complaint, denying most of Braun's assertions. In addition, Timbrook filed a counterclaim against Braun. Timbrook's counterclaim alleged that the parties had a common law marriage and Timbrook had acquired a dower interest in the residence as a result of that marriage. Timbrook also claimed that Braun had been unjustly enriched by his improvements to the home and requested damages in the amount of $100,000. Timbrook further requested damages of $100,000 for his share of a home-based business the parties' owned jointly. At the time of filing his answer and counterclaim, Timbrook also filed a motion to transfer the case to the Hancock County Court of Common Pleas, asserting that the municipal court had no jurisdiction over the parties' common law marriage.
 {¶ 6} After a review of the pleadings, the municipal court conceded that if the parties had, in fact, entered into a common law marriage, the court would lack jurisdiction over the action. The municipal court, however, denied Timbrook's motion to transfer, finding that the parties had not filed any pleadings that the domestic relations court could address. Instead, the municipal court dismissed the pending action, without prejudice, to allow the parties to "file and plead the case in a court of competent jurisdiction."
 {¶ 7} It is from this decision that Braun appeals, setting forth one assignment of error for our review.
ASSIGNMENT OF ERROR NO. I
 The trial court erred in dismissing Plaintiff/Appellant'sclaim for forcible entry and detainer upon the unsupportedassertion by Defendant/Appellee that the parties were involved ina common-law marriage.
 {¶ 8} Braun asserts that the trial court erred in summarily dismissing her complaint for forcible entry and detainer upon the unsubstantiated assertion contained in Timbrook's responsive pleading that the parties had a common law marriage. Braun maintains that, instead, the trial court should have held an evidentiary hearing as to the merits of Timbrook's assertion. In failing to do so, Braun contends that the trial court's dismissal was in error.
 {¶ 9} We review the municipal court's decision to dismiss the case for lack of subject matter jurisdiction pursuant to a denovo standard. Robinson v. AT T Network Systems, 10th Dist. No. 01AP-817, 2002-Ohio-1455.
 {¶ 10} A forcible entry and detainer action is generally intended to serve as an expedited mechanism by which an aggrieved landlord may recover possession of real property. Miele v.Ribovich (2000), 90 Ohio St.3d 439, 441. However, cases involving the possible exclusion of a spouse from a marital residence are an exception to this rule. Kovar v. Latosky, 8th Dist. No. 2002-L-037, 2003-Ohio-1749, ¶ 6. Pursuant to R.C.3103.04, "neither [husband or wife] can be excluded from the other's dwelling, except upon a decree or order or injunction made by a court of competent jurisdiction". This provision prohibits one spouse from obtaining a forcible entry and detainer order against the other.
 {¶ 11} It is apparent from the parties' pleadings that there is more involved in this case than a forcible entry and detainer. In Timbrook's answer and counterclaim, he alleged that shortly after the parties moved in together, he purchased wedding rings for Braun, which she began wearing. Timbrook also alleged that he and Braun held themselves out to third parties as being married. Timbrook maintains that this, coupled with the parties' cohabitation, constituted a common law marriage. Timbrook claimed that as a result of the parties' common law marriage and pursuant to R.C. 3105.12, his removal from the marital home could only be accomplished through death, divorce, dissolution of marriage, or other judicial determination. As a result, Timbrook concludes that the case must be transferred to the Hancock County Common Pleas Court, since the municipal court has no jurisdiction in a domestic relations action.
 {¶ 12} R.C. 1901.18(8) grants original jurisdiction to municipal courts to hear actions in forcible entry and detainer. However, the municipal court's original jurisdiction is limited by the amount of damages sought. "A municipal court shall have original jurisdiction only in those cases in which the amount claimed by any party, or the appraised value of the personal property sought to be recovered, does not exceed fifteen thousand dollars * * *." R.C. 1901.17. Timbrook's counterclaim asserted that he had suffered damages in an amount exceeding $200,000.
 {¶ 13} In the event that a counterclaim exceeds the jurisdiction of the municipal court, Civ.R. 13(J) provides that the court shall certify the proceedings in the case to the court of common pleas. This transferring provision of Civ.R. 13(J) is mandatory in nature if the amount of a properly asserted counterclaim exceeds the monetary jurisdiction of the municipal court and applies to the entire case, not just the counterclaim.State ex rel. Penn v. Swain (1984), 21 Ohio App.3d 119. In the case sub judice, however, the municipal court failed to transfer the case.
 {¶ 14} After a review of the record, we find that there are several issues which the municipal court would not have had jurisdiction to determine. First, if Timbrook's assertion that he and Braun entered into a common law marriage were proven, forcible entry and detainer would be unavailable to Braun and the municipal court would lack jurisdiction to eject Timbrook from the marital home. Second, Timbrook's answer requests damages in the amount of $200,000, an amount exceeding the municipal court's monetary limits. Under these particular circumstances, we do not find that the municipal court erred in failing to hold an evidentiary hearing on the validity of Timbrook's claims, as Braun asserts.
 {¶ 15} However, we recognize that the common pleas court and municipal court have concurrent original jurisdiction to hear a forcible entry and detainer action. Seventh Urban Inc. v.University Circle Property Dev., Inc. (1981), 67 Ohio St.2d 19,24. Transfer of the cause of action to the common pleas court for a complete adjudication was, therefore, available to the municipal court. We conclude that the trial court erred in dismissing the entire claim rather than certifying the proceedings to the common pleas court pursuant to Civ.R. 13(J).
 {¶ 16} Accordingly, Braun's assignment of error is sustained to the extent that the municipal court erred in dismissing the case.
 {¶ 17} Having found error prejudicial to appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed.
 Shaw, P.J., and Rogers, J., concur.