[Cite as *New Asian Super Market v. Weng*, 2018-Ohio-1248.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| New Asian Super Market, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 17AP-207 |
| v. | : | (M.C. No. 2016 CVG 40086) |
| Jiahe Weng, et al., | : | (REGULAR CALENDAR) |
| Defendants-Appellants. | : | |

D E C I S I O N

Rendered on March 30, 2018

**On brief:** *Willis Law Firm LLC,* and *Michael J. Cassone*, for appellee. **Argued:** *Michael J. Cassone.*

**On brief:** *Abroms Law Office*, and *Hillard M. Abroms*, for appellants. **Argued:** *Hillard M. Abroms.*

APPEAL from the Franklin County Municipal Court

BRUNNER, J.

{¶ 1} This matter commenced as an action for restitution of the premises filed in the Franklin County Municipal Court by plaintiff-appellee, New Asian Super Market ("landlord"), against defendants-appellants, Jiahe Weng and Magnificent, LLC ("tenants"). Landlord brought suit for restitution of a leased commercial premises, alleging tenants had breached a lease agreement. Tenants filed an answer and counterclaimed for damages exceeding the municipal court's jurisdiction limitation. A magistrate conducted the trial solely on landlord's claim for restitution of the premises after bifurcating it from tenants' counterclaim. Tenants have appealed the judgment of the Franklin County Municipal Court entered on March 14, 2017 adopting the magistrate's decision that landlord was entitled to restitution or possession of the premises. Because we find that bifurcation of the counterclaim for damages was improper and that the matter should have been transferred

in its entirety to the Franklin County Court of Common Pleas, we reverse the decision of the trial court and remand the matter for action consistent with this decision.

## I.  FACTS AND PROCEDURAL BACKGROUND

{¶ 2}   On or about December 14, 2015, landlord and tenants executed a lease for a commercial building located at 3635 West Dublin-Granville Road in Columbus, Ohio. Landlord had operated the building as a grocery store, and tenants desired to convert it to a restaurant.  Yong Cun Huang signed the lease on behalf of landlord New Asian Super Market, and Jiahe Weng "individually and representing Magnificent LLC" signed the lease on behalf of tenants.  (Ex. A, attached to Dec. 20, 2016 Compl.)  Under the lease's terms, tenants were required to pay rent on or before the first day of the month, beginning May 1, 2016.

{¶ 3}   The lease required landlord to keep and maintain certain structural portions of the building, including the roof.  The lease also contained a handwritten provision for other repair work to be undertaken by landlord, as follows:

> Landlord's Work:
>
> Landlord shall install new HVAC at landlord's expense before rent commencement date.  It shall not delay Tenant's remodeling and opening. Tons of HVAC must satisfy the restaurant needs.  Landlord shall provide one year warranty of HVAC.
>
> Landlord shall repair parking before rent commencement date.

(Ex. A at 41, Compl.)  Landlord and tenants had signed off on the handwritten provision.

{¶ 4}   It is undisputed that tenants did not pay rent for five months from May 1 until October 2016, at which time they paid $15,000.  Landlord alleged tenants did not timely tender rent for November and December 2016.  On December 15, 2016, landlord gave tenants notice of default under R.C. 1923.04 and to vacate the premises.  (Ex. B, attached to Compl.)  Nothing in the record indicates landlord demanded payment of rent before issuing the notice.

{¶ 5}   On December 20, 2016, landlord filed a complaint for restitution of the premises, in forcible entry and detainer, alleging tenants were in default of the lease agreement as of May 1, 2016 for failing to pay rent as agreed; that landlord had duly served tenants with notice under R.C. 1923.04 to vacate the premises; that landlord was entitled

to immediate possession of the premises; and that tenants were unlawfully and forcibly detaining the premises. Landlord requested judgment for immediate restitution and costs.

{¶ 6} On January 9, 2017, tenants filed their answer to landlord's complaint, with defenses that the lease and parts of it were void and unenforceable. Tenants also offered affirmative defensives and counterclaimed for damages.[1] Tenants counterclaimed that they had entered into an oral partnership/member/business agreement with landlord under which landlord represented it would waive tenants' rent for the months of May, June, July, and August 2016 as consideration for landlord receiving a 25 percent partnership/business interest in Magnificent, LLC. Tenants further counterclaimed that landlord promised tenants it would repair the roof and replace the HVAC of the leasehold premises before tenants took possession. Tenants counterclaimed that landlord made false representations on the waiver of rent and roof and HVAC repairs and that tenants detrimentally relied on them, incurring significant monetary damages. Tenants counterclaimed specifically:

> 10. Defendant was damaged in an amount to be determined at trial, by the misrepresentation and suffered damages from Plaintiff's fraud and fraudulent inducement, including lost revenue, the costs of improvements to the premises, and damages to the Defendant's business reputation caused by delay in opening the restaurant and in lost business due to a leaky roof and non-functioning HVAC unit, and the costs of having to defend this action, in excess of $500,000.00.
>
> 11. On account of Plaintiff's failure to abide by the partnership/business agreement, Defendant is entitled to dissolution of the partnership/business agreement and/or cancellation of the LLC membership interest of Plaintiff, and damages for Plaintiff's breach of the duty of loyalty.
>
> 12. Defendants are entitled to their actual money damages, attorney's fees, punitive damages, and the costs of this action.

(Jan. 9, 2017 Answer & Counterclaim at ¶ 10-12.)

{¶ 7} The trial court's magistrate conducted a two-day bench trial on January 10 and 17, 2017. On the first day of the trial, January 10, and before any witnesses testified,

---

[1] The record indicates that the clerk's office accepted tenants' pleading without assessing the filing fee for a counterclaim, apparently unaware that the pleading contained a counterclaim. Tenants paid the filing fee for the counterclaim on January 10, 2017, before the first witness was called to testify on the first day of the bench trial before the magistrate.

tenants' counsel argued "merger and jurisdiction" such that, "to preserve the tenants' rights, possession and [to] guarantee the existence of a fund to settle the various claims that matters merge and should all be heard together because of the defenses that were raised as well as the counterclaims." (Jan. 10, 2017 Tr. at 11.) Tenants' counsel stated that tenants had improved the subject property by $400,000. Counsel for landlord responded that the only matter before the magistrate was the issue of possession and requested that the magistrate bifurcate from landlord's complaint for possession, the monetary issues, and associated partnership claim raised in tenants' counterclaim. The magistrate overruled tenants' objections that the eviction would cause tenants irreparable damage based on tenants' concerns about landlord's promise to repair the roof and HVAC system. Instead, the magistrate found that the matter could be "easily" bifurcated between landlord's claim for possession and tenants' claim for damages, declaring those to be issues of the counterclaim that could be dealt with at a later date. (Jan. 10, 2017 Tr. at 22.)

{¶ 8} Thus, the trial proceeded solely on landlord's cause for possession with no consideration of the mutual promises of the parties that related to tenants' defense for not paying rent for a period of time. At the trial's conclusion, the magistrate found that landlord was entitled to restitution of the premises. After excluding evidence about the parties' agreement concerning their business relationship and consideration for their mutual promises related to that, the magistrate found there was no lease agreement and concluded from the limited facts before the court that a failure to pay rent based on the condition of the premises as a matter of law is not a reason not to pay rent. The magistrate completed a pre-printed magistrate's decision form, checking off the following paragraph:

> Case called for trial. Plaintiff and defendant(s) J. Weng appeared. Based on the evidence presented, the magistrate finds that the Notice to Vacate conforms to R.C. 1923.04 and was properly served, and that plaintiff has proven non-payment of rent and allegations set forth in the complaint by a preponderance of the evidence. Judgment for plaintiff for restitution of the premises and costs.

(Jan. 18, 2017 Mag.'s Decision.)

{¶ 9} Tenants timely filed eight objections to the magistrate's decision:

> 1. The Magistrate erroneously bifurcated this action and defendant's Counterclaim.

> 2. The matter and damages exceed the jurisdiction of this court.
>
> 3. The Magistrate erroneously failed to transfer this litigation to the Common Pleas Court.
>
> 4. The Magistrate erroneously voided the lease.
>
> 5. The Magistrate erroneously failed to dismiss Plaintiff's Complaint due to lack of standing.
>
> 6. Until it can be established who the landlord is, and who the owner of the real property is, the court cannot properly rule.
>
> 7. Irreparable harm will be caused if Plaintiff is evicted.
>
> 8. Other issues of fact and law will be further developed and presented.

(Jan. 25, 2017 Objs. to Mag.'s Decision at 1-2.)  Landlord timely filed a memorandum opposing tenants' objections.

{¶ 10}  On March 2, 2017, the trial court conducted a hearing on tenants' objections to the magistrate's decision.  The trial court stated on the record that it was awaiting the magistrate's written findings of fact and conclusions of law but, in the meantime, it would move forward with tenants' objection to the magistrate's decision.

{¶ 11}  Counsel for tenants' challenged landlord New Asian Super Market's standing as plaintiff and questioned whether the correct parties were before the court.  Counsel for tenants also challenged the magistrate's decision to bifurcate landlord's forcible entry and detainer action from tenants' counterclaim; tenants' counsel argued that, given the damages counterclaimed exceeded the municipal court's jurisdiction, the magistrate should have transferred the entire case to the court of common pleas and not bifurcated it.

{¶ 12}  The trial court stated at the conclusion of the hearing that it would decide the case after the magistrate filed her findings of fact and conclusions of law.  The magistrate thereafter filed her three-page report on March 2, 2017.  The magistrate's report contained the following:

### FINDINGS OF FACT

> 1. Defendant, Jiahe Weng on behalf of Magnificent LLC, leased a building located at 3635 West Dublin Granville Road in Columbus Ohio that is owned by New Asian Super Market Inc., which Yong Cun Huang and his wife run this business.  The

Lease that was attached to the complaint is void, due to the names of the parties and there was not a meeting of the minds as to material terms of the lease.

2. Mr. Weng paid $15,000 in October 2016 for rent for the building. Mr. Weng then failed to pay rent for November or December 2016.

3. On December 15, 2016, plaintiff served the defendants with a notice to leave the premises which conforms to R.C. 1923.04 on or before December 19, 2016.

4. Defendants still remains in default of rent.

5. Neither Mr. Huang nor Mr. Weng can read English.

## CONCLUSION OF LAW

Plaintiff proved by a preponderance of the evidence the right to a judgment for possession of the property based upon the defendants' failure to pay rent.

The lease attached to the complaint was drafted by Mr. Huang's attorney. New Asian Supermarket is identified as the landlord on the first page of the document, but New Asian Star China Buffet, Inc. is the landlord on the signature page. There is some concern about whether either of the listed parties was a legal entity at the time of this contract. This document was sent to Mr. Weng who had his Chinese attorney review and revise the document, making several material changes. The document was never sent back to Mr. Huang's attorney for review. It was unclear who explained the revisions to Mr. Huang, but the lease does not state what he thought it said, nor what Mr. Weng thought it said. The parties signed the lease in front of a notary. The parties were never in the same room together and have different understandings to what they signed. Neither Mr. Weng nor Mr. Huang read English. Therefore, this Magistrate declares the lease void.

Mr. Weng testified that he paid Mr. Huang $15,000 in October for rent. This created a month to month tenancy. Mr. Weng further testified that he did not pay rent November or December. Mr. Weng testified that he did not pay rent because the roof was leaking. The roof had allegedly been leaking since December 2015. Mr. Huang testified that he bought materials and that Mr. Weng's people made repairs. Mr. Weng continued to run his business out of this property. Mr. Weng make an

offer to pay rent after December 7, 2016, but never tendered a check or money order.

Relief against the forfeiture of a lease for non-payment of rent is not a matter of right *and the tenant must show facts which would permit a trial court to decide that it was inequitable for the lessor to enforce his legal rights. Southern Hotel v. Miscott* 44 Ohio App.2d 217, 337 N.E.2d 660 (1975) citing *Pierce v. Kennedy* 205 Ark 419, 168 S.W.2d 1115 (1943). The tenant rented the property which was a grocery store. He converted it to a restaurant. He has been in possession of the property since December 2015. Mr. Weng has only paid $15,000, one month's rent. Based on the evidence presented, the Magistrate finds that the Notice to Vacate conforms to R.C. 1923.04 and was properly served, and that Plaintiff has proven by a preponderance of the evidence non-payment of rent.

## DECISION

For the foregoing reasons, the plaintiff is entitled to a judgment for possession of the premises and costs.

(Sic passim; emphasis sic and added.) (Mar. 2, 2017 Mag.'s Findings of Fact & Conclusions of Law at 1-3.)

{¶ 13} On March 14, 2017, the trial court entered its decision overruling the tenants' objections and adopting the magistrate's decision, stating it had listened to a tape recording of the trial before the magistrate and heard arguments on tenants' objections to the magistrate's decision. The trial court adopted the magistrate's decision "in its entirety," finding landlord to be entitled to judgment for possession of the premises and costs and finding a final, appealable order. (Mar. 14, 2017 Entry at 1.)

{¶ 14} Tenants timely appealed the trial court's decision that adopted the magistrate's decision.

## II. ASSIGNMENTS OF ERRORS

{¶ 15} Tenants present four assignments of error for review:

I. The Trial Court erred when it bifurcated the forcible entry and detainer from the affirmative defenses and counterclaim.

II. The Trial Court erred when it failed to dismiss Plaintiff's complaint for lack of standing.

III. The Trial Court erred when it found the written lease was void.

IV. The Trial Court erred when it found the Defendants in default of the lease.

## III.  LAW AND DISCUSSION

### A.  Standard of Review

{¶ 16} When objections are filed to a magistrate's decision, the trial court must undertake an independent, de novo review of the matters objected to in order to "ascertain [whether] the magistrate has properly determined the factual issues and appropriately applied the law."  Civ.R. 53(D)(4)(d). *See also James v. My Cute Car, LLC*, 10th Dist. No. 16AP-603, 2017-Ohio-1291, ¶ 13.

> In ruling on objections to a magistrate's decision, the trial court must undertake an independent review of the matters objected to in order "to ascertain [whether] the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d). Generally, an appellate court reviews the trial court's decision to adopt, reject, or modify the magistrate's decision under an abuse of discretion standard. *Bell v. Nichols*, 10th Dist. No. 10AP-1036, 2013-Ohio-2559, ¶ 16. "An abuse of discretion may be found when the trial court 'applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact.' " *PHH Mtge. Corp. v. Ramsey*, 10th Dist. No. 13AP-925, 2014-Ohio-3519, ¶ 14, 17 N.E.3d 629, quoting *Thomas v. Cleveland*, 176 Ohio App.3d 401, 2008-Ohio-1720, ¶ 15, 892 N.E.2d 454 (8th Dist.). We review questions of law de novo. *Id.*, citing *State v. Vinson*, 11th Dist. No. 2013-L-015, 2013-Ohio-5826, ¶ 8.

*Tedla v. Al-Shamrookh*, 10th Dist. No. 15AP-1094, 2017-Ohio-1021, ¶ 11.

{¶ 17} This Court has reviewed the record of this appeal, including but not limited to the magistrate's decision, the transcript of the bench trial before the magistrate on January 10 and 17, 2017, and the transcript of the hearing held on tenants' objections by the trial court on March 2, 2017, as well as the written briefs of the parties and applicable law.  On review, we find that the municipal court erred in severing landlord's forcible entry and detainer claim from tenants' counterclaim for damages because tenants' answer and counterclaim are sufficient to demonstrate that the issues in their counterclaim are so intertwined with the forcible entry and detainer claims that the municipal court should not

have severed the two actions. *Isaiah's Wings, LLC v. McCourt*, 5th Dist. No. 2005-CA-39, 2006-Ohio-3573, ¶ 12. Consequently, this Court finds well taken the tenants' objection to the decision to bifurcate the matter. We find that the magistrate failed to properly construe and apply the applicable law regarding bifurcation, and in adopting the magistrate's decision in its entirety, the trial court erred as a matter of law and as such abused its discretion. *Tedla* at ¶ 11.

### B. First Assignment of Error

{¶ 18} Accordingly, we sustain tenants' first assignment of error. We note that the municipal court generally has jurisdiction to hear a forcible entry and detainer action pursuant to R.C. 1923.04, but when a case involves issues over which the municipal court does not have jurisdiction, such as on issues directly related to the claim on which the municipal court heard the case, no jurisdiction exists.

{¶ 19} It is well-settled law that the court of common pleas also has jurisdiction to hear forcible entry and detainer actions. *Richwood Homes, Inc. v. Brown*, 3 Ohio App.3d 204 (10th Dist.1981), citing *Seventh Urban, Inc. v. Univ. Circle*, 67 Ohio St.2d 19 (1981). Here, the court of common pleas had jurisdiction over the matters the municipal court dismissed, and such matters could not be bifurcated from the forcible entry and detainer portion of the action, because there is a clear relationship between the complaint and counterclaim. The municipal court should have found them to be intertwined and not able to be severed. *Isaiah's Wings*. Because the common pleas court has jurisdiction to decide all matters in this action, it was error for the municipal court to decide only the forcible entry and detainer part of the case, rather than transfer the entire action to the common pleas court for a complete adjudication upon all issues. This also is consistent with our longstanding precedent in *Richwood Homes*, in which we found similarly intertwined issues that prevented bifurcation and in which we stated, "[s]uch a limited disposition would necessarily leave defendant with an inadequate remedy of moving out and then suing for title and damages." *Id.* at 205.

{¶ 20} We find the instant case "involve[s] more than a forcible entry and detainer," and that "a limited disposition would necessarily leave defendant with an inadequate remedy of moving out and then suing for title and damages." *Id.* The record before us indicates tenants have made over $400,000 in improvements to the premises while

converting it from a grocery store to a restaurant and are operating a restaurant at the premises while they deposit rent in escrow pending the outcome of this appeal. Tenants claim they detrimentally relied on various promises landlord made regarding the waiver of rent and for repair of the premises. Tenants claim they will be irreparably harmed if they are forced to vacate the premises before their counterclaims are litigated, losing the time, effort, and money they invested in the renovation, losing their business, and losing their business reputation. And the damages alleged in the counterclaim are well beyond the jurisdictional limit of the municipal court.

{¶ 21} We find the parties' competing claims are too interwoven to be adjudicated separately. Under these circumstances, the municipal court was without jurisdiction to determine landlord's forcible entry and detainer claims once tenants' related counterclaim that exceeded the jurisdiction of the municipal court had been filed. *Isaiah's Wings; Richwood Homes; see also Rithy Props. v. Cheeseman*, 10th Dist. No. 15AP-641, 2016-Ohio-1602, (Brunner, J., dissenting at ¶ 4). For these reasons, tenants' first assignment of error is sustained.

### C. Second, Third, and Fourth Assignments of Error

{¶ 22} Because we sustain tenants' first assignment of error, we find their remaining assignments of error moot and we consider them no further.

## IV. CONCLUSION

{¶ 23} Because the trial court lacked jurisdiction, the judgment of the Franklin County Municipal Court is reversed and remanded with instructions that the trial court enter an order transferring this action to the Franklin County Court of Common Pleas for determination of all issues raised by the parties in their pleadings in this case.

*Judgment reversed and remanded with instructions.*

BROWN, P.J., and KLATT, J., concur.