COLOMBO ENTERPRISES, INC., Appellee,

v.

FEGAN, Appellant.█

[Cite as *Colombo Ent., Inc. v. Fegan* (2001), 142 Ohio App.3d 551.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 78041.

Decided April 26, 2001.

*Costanzo & Lazzaro* and *Raymond J. Costanzo,* for appellee.

*Powers & Groh–Wargo, Frank J. Groh–Wargo* and *Melinda Brooks Oviatt,* for appellant.

Rocco, Presiding Judge.

■ This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the record from the lower court, the briefs and the oral arguments of counsel. The purpose of an accelerated docket is to allow an appellate court to render a brief and conclusory decision. *Crawford v. Eastland Shopping Mall Assn.* (1983), 11 Ohio App.3d 158, 11 OBR 240, 463 N.E.2d 655.

## MOTION FOR RECONSIDERATION

■ This court announced its decision to dismiss the instant appeal on February 22, 2001. Both appellant and appellee have moved the court to reconsider its decision pursuant to App.R. 26. The appellate rule includes no guideline for determining whether a decision should be reconsidered and changed, but the test generally applied is whether the motion calls to the court's attention an obvious error in its decision or raises an issue for consideration that was either not considered at all or not fully considered when it should have been. *Columbus v. Hodge* (1987), 37 Ohio App.3d 68, 523 N.E.2d 515.

Appellant raises an issue that was fully considered by the court in its opinion. Accordingly, appellant's motion for reconsideration is denied.

Appellee's motion, however, raises a new issue. On March 2, 2001, following the announcement of our opinion, the trial court issued an order that states:

"This cause came on to be heard upon Plaintiff's Motion for Relief from Judgment pursuant to Civil Rule 60(A). The Court finds that it had reviewed and approved the Magistrate's decision (Journal Entry) entered in this matter on May 18, 2000 in Journal Volume 00 Page 1135 and concurrently authorized the Clerk of Court to issue the Writ of Restitution of same date. The Court further finds that through oversight the Court failed to sign the Magistrate's decision (Journal Entry) which lacked a signature line for the Court.

"The Court, therefore, hereby approves and adopts the Magistrate's decision (Journal Entry) entered on May 18, 2000 in Volume 00 Page 1135 in its entirety and as this Court's judgment nunc pro tunc and that the Clerk is hereby authorized to reissue a proper Writ of Restitution nunc pro tunc without further cost to Plaintiff."

While we cannot agree with the trial court's characterization of its order as a judgment *nunc pro tunc,* we do perceive that it is a final order, as explained more fully below. As a result, we reconsider and vacate our decision to dismiss for lack of a final appealable order.

We will treat the notice of appeal in this case as a premature notice, which is deemed to be filed immediately after the entry of the judgment or order that

begins the running of the appeal time period, that is, in this case, the March 2, 2001 entry. App.R. 4(C). Therefore, we find that we have jurisdiction to review this matter and will consider the merits of appellant's arguments.

## THE MERITS

This is an action in forcible entry and detainer. In the complaint filed in the municipal court on March 6, 2000, plaintiff-appellee demanded both possession of the leased premises and damages for repair and maintenance costs, rent, and other expenses. Defendant-appellant answered and counterclaimed for breach of the covenant of quiet enjoyment, harassment, injunctive relief, and abuse of process.

Appellant moved the municipal court to certify the case to the common pleas court, arguing that both parties sought judgments in excess of the municipal court's jurisdictional limits. In turn, appellee moved the municipal court to dismiss the counterclaims.

A magistrate denied the appellant's motion to certify and the appellee's motion to dismiss on April 7, 2000. Appellant demanded findings of fact and conclusions of law pursuant to Civ.R. 53(E) and moved the court to set aside the magistrate's decision under Civ.R. 53(C)(3)(b). The magistrate denied the motion for findings and conclusions and set the case for trial on May 9, 2000.

On May 5, 2000, appellant filed an application with this court for an alternative writ of prohibition, asking this court to prohibit the municipal court from proceeding with the jury trial because it had lost jurisdiction. This court denied the writ on May 8, 2000 and, on the same day, appellant filed a notice of appeal from the April 7, 2000 order denying her motion to certify. On May 9, 2000, this court dismissed the appeal.

The trial proceeded in the municipal court solely with respect to appellee's forcible-entry-and-detainer claim for possession of the rental property. Neither appellant nor her counsel appeared or participated. On May 18, 2000, the magistrate issued an order granting judgment for possession to appellee. This appeal followed. As noted above, the trial court subsequently accepted and adopted the magistrate's report.

The order is a final and appealable order affecting a substantial right in a special proceeding. R.C. 2505.02(B)(2). Even though other claims remain pending before the municipal court, the no just reason for delay language of Civ.R. 54(B) is not required to render the *judgment* final on a forcible *entry* and detainer claim. Civ.R. 1(C); *Cuyahoga Metro. Hous. Auth. v. Jackson* (1981), 67 Ohio St.2d 129, 21 O.O.3d 81, 423 N.E.2d 177, syllabus.

■ Appellant first argues the municipal court lost jurisdiction to proceed when both parties filed claims in excess of the court's jurisdictional authority. The trial court acquired jurisdiction over this case when the complaint was filed. Appellee's complaint sought damages equal to the lesser of the court's jurisdictional maximum or $27,000. Because the complaint plainly sought damages of not more than the jurisdictional maximum, the court had jurisdiction over the complaint.

The municipal court did not automatically lose jurisdiction upon the filing of a counterclaim that exceeded its jurisdiction. The statute (R.C.1901.22) and rule (Civ.R.13[J]) that require the municipal court to certify a case to the common pleas court if a counterclaim exceeds its monetary jurisdiction are not self-executing. Rather, "Civ.R. 13(J) recognizes the municipal court must make any determination concerning certification and specifies neither the time nor the procedure for making this determination. Cases interpreting this provision have uniformly held that the municipal court is authorized to examine whether the counterclaim states a claim exceeding its jurisdiction, and is not required to certify cases to the common pleas court based *solely* upon the amount of the monetary demand in a counterclaim." *Lewallen v. Mentor Lagoons, Inc.* (1993), 85 Ohio App.3d 91, 95, 619 N.E.2d 98, 101; see, also, *Widder & Widder v. Kutnick* (1996), 113 Ohio App.3d 616, 626, 681 N.E.2d 977, 982–983.

The municipal court does not lose jurisdiction unless and until it certifies the matter to the common pleas court. The magistrate in the municipal court here denied appellant's motion to certify; the municipal court has not ruled on appellant's appeal from that ruling. Any claim of error in that ruling must await a final judgment. Pending a court ruling regarding the motion to certify, the municipal court had jurisdiction to enter the judgment for possession on appellee's claim for forcible entry and detainer. R.C.1901.18(A)(8). Therefore, the first assignment of error has no merit.

■ Second, appellant claims that the municipal court erred by proceeding to trial while an appeal was pending before this court. The appeal was dismissed the day the trial began. There is no evidence in the record that the appeal was dismissed after the trial was completed, as appellant claims. Appellant has not demonstrated any error on the record, so the second assignment of error is overruled.

■ The fourth assignment of error raises a related issue. It claims that the municipal court erred by allowing appellant only one and one-half hours to post a supersedeas bond in order to stay the trial. Appellant's rights could not have been affected by this order. The stay would only have been effective pending the outcome of the appeal. The appeal was dismissed on the day of the trial.

Consequently, even if a stay had been granted, it would not have prevented the trial from going forward. Accordingly, the fourth assignment of error also lacks merit.

In her third assigned error, appellant urges that the court erred by failing to rule upon her motion to appeal the magistrate's order denying her motion to certify and her motion for findings of fact and conclusions of law. This case remains pending before the municipal court, so the court's failure to rule on appellant's motions is not an appealable issue at this time.

Accordingly, we affirm.

*Judgment affirmed.*

DYKE, J., concurs.

MICHAEL J. CORRIGAN, J., concurs in judgment only.