[Cite as *State ex rel. Garling v. Nicastro*, 2012-Ohio-3161.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 98644**

---

# S/O, EX REL. ANN GARLING

PETITIONER

vs.

# HONORABLE DEBORAH J. NICASTRO, JUDGE, ETC.

RESPONDENT

---

## JUDGMENT:
## DISMISSED

---

Garfield Heights Municipal Court
Case No. CVG 1201259
Writ of Mandamus and/or Prohibition
Motion No. 456645

**RELEASE DATE:**    July 10, 2012

**ATTORNEY FOR PETITIONER**

Edward G. Kramer
The Fair Housing Law Clinic
3214 Prospect Avenue, East
Cleveland, Ohio 44115


**ATTORNEY FOR RESPONDENT**
Judge Deborah J. Nicastro

Je'nine Nickerson
Prosecutor, City of Garfield Heights
5407 Turney Road
Garfield Heights, Ohio 44125

PATRICIA ANN BLACKMON, A.J.:

{¶1} Relator, Ann Garling, is the defendant in *Quinlan v. Garling*, Garfield Hts. M.C. No. CVG1201259, an action in forcible entry and detainer, which has been assigned to respondent judge of the Garfield Heights Municipal Court.   In the underlying case, the plaintiff, Quinlan, filed a motion to bifurcate the proceedings.   In an entry dated June 8, 2012, the respondent's magistrate granted the motion to bifurcate and scheduled the first cause of action (the eviction claim) for hearing on June 21, 2012.   In an entry dated July 3, 2012, respondent scheduled the underlying case for eviction trial on July 10, 2012, at 1:30 p.m.   On July 6, 2012, respondent overruled Garling's objections to the magistrate's decision granting the motion to bifurcate and stated that "[t]he hearing on the first cause of action shall proceed on 07/10/2012."

{¶2} On May 30, 2012, Garling filed an aswer and counterclaim as well as a motion to certify the proceedings under Civ.R. 13(J), which provides: "Certification of proceedings.   In the event that a counterclaim, cross-claim, or third-party claim exceeds the jurisdiction of the court, the court shall certify the proceedings in the case to the court of common pleas."   Garling avers that magistrate denied the motion to certify (to which she refers as a "motion to transfer").   See Complaint, ¶ 7.   Garling has not attached to these filings an entry to that effect nor has this court been able to identify an entry denying

the motion to certify on the docket of the underlying case.

{¶3} In *State ex rel. Fegan v. Berea Muni. Court*, 8th Dist. No. 77936, (May 8, 2000), the relator was the defendant in a forcible entry and detainer action. See *Colombo Ent., Inc. v. Fegan*, 142 Ohio App.3d 551, 554, 756 N.E.2d 211 (8th Dist.2001). Fegan filed a motion to certify in the underlying case and the respondent court scheduled trial. As a consequence, Fegan requested this court to issue a writ of prohibition preventing respondent from proceeding in the underlying case.

{¶4} In *Fegan*, this court relied on *Lewallen v. Mentor Lagoons, Inc.*, 85 Ohio App.3d 91, 95-96, 619 N.E.2d 98, (8th Dist.1994), and observed that "a municipal court has the authority to make a determination as to whether it is necessary to certify the proceedings to the court of common pleas." *Id.* at 2. This court also held that "appeal is an adequate remedy with respect to a municipal court's handling of the certification issue." (Citations omitted.) *Id. See also State ex rel. Dudley v. Spanagel*, 8th Dist. No. 67366 (June 29, 1994).

{¶5} Likewise, in this action, respondent has the authority to determine whether it is necessary to certify proceedings to the court of common pleas. Additionally, appeal of respondent's determination on the motion to certify is an adequate remedy.

{¶6} Accordingly, we dismiss this action sua sponte. Relator to pay costs. The court directs the clerk of court to serve all parties with notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶7} Complaint dismissed.

_____

_____
PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
SEAN C. GALLGHER, J., CONCUR