LARRY A. JONES, SR., J.:
{¶ 1} On October 31, 2017, the relator, Jack El Turk, commenced Eighth District No. 106444, against the respondents, Judge Mark Comstock, Magistrate Robert Lazzaro, and the Berea Municipal Court, as a prohibition action to prevent them from adjudicating the underlying action, Subway Real Estate, L.L.C. v. El Turk, Berea M.C. No. 17CVG02090. El Turk also commenced Eighth District No. 106446 *1124 against the same respondents as a mandamus action to compel them to certify the underlying case to common pleas court, because the counterclaims caused the entire case to exceed the monetary jurisdiction of the municipal court. This court consolidated the two writ actions and allowed Subway Real Estate, L.L.C. to intervene. This court issued an alternative writ ordering the respondents to transfer the underlying case to the common pleas court or to show cause why the writ should not issue. This order further provided that the respondents not adjudicate the merits of the underlying case until further order from this court. Rather than certify the underlying case, the respondents filed their briefs to show cause. The relator and the intervenor also filed briefs and evidence. Thus, this matter is ripe for determination. For the following reasons, this court grants the writ of mandamus and orders the respondents to certify the entire underlying case to the Cuyahoga County Common Pleas Court.
{¶ 2} As gleaned from the filings, since approximately May 2007, El Turk has had a Subway franchise at 15007 Snow Road in Brookpark, within the territorial jurisdiction of the Berea Municipal Court. The franchise is through Doctor's Associates, Inc., but Subway Real Estate, L.L.C., is the landlord. Doctor's Associates obtained an arbitration award in Connecticut in January 2017, that El Turk had breached the franchise agreement by not following procedure. A Connecticut court affirmed the arbitration award. However, the parties had supposedly reached a settlement that would allow El Turk to sell his franchise, but Doctor's Associates found none of the buyers acceptable.
{¶ 3} On September 7, 2017, Subway Real Estate commenced the underlying forcible entry and detainer action based on breach of the franchise agreement. On September 26, 2017, El Turk filed a counterclaim/third-party complaint alleging over $25,000 in damages for claims of constructive eviction, tortious interference with contract, and civil conspiracy. El Turk also moved to certify the entire case to common pleas court.
{¶ 4} On October 11, 2017, the magistrate recommended that the court deny the motion to certify in part and grant in part, by retaining the case until the forcible entry and detainer action is resolved and then certifying the counterclaims and third-party claims to the common pleas court. The magistrate cited Swenson's Ice Cream Co. v. Cleveland Swenson's Inc., 1 OBR 324 (C.P.1982), and Colombo Ents., Inc. v. Fegan , 142 Ohio App.3d 551, 756 N.E.2d 211 (8th Dist.2001), as supporting authority. On October 19, 2017, the judge adopted the magistrate's report using the following language: "After review and counterclaim of Defendant filings, objection is overruled, eviction to proceed 11/8/17 at 7:30 AM prompt. Counterclaim and 3rd party complaint to be certified to Cuyahoga County Common Pleas." El Turk then commenced these writ actions.
{¶ 5} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. State ex rel. Ney v. Niehaus , 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Mandamus is not a substitute for appeal. State ex rel. Daggett v. Gessaman , 34 Ohio St.2d 55, 295 N.E.2d 659 (1973) ; State ex rel. Pressley v. Indus. Comm. of Ohio , 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus. Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases.
*1125 State ex rel. Taylor v. Glasser , 50 Ohio St.2d 165, 364 N.E.2d 1 (1977).
{¶ 6} R.C. 1901.17 limits the municipal court's monetary jurisdiction to $15,000. R.C. 1901.22(E) and Civ.R. 13(J) provide that if a counterclaim claim exceeds the jurisdictional amount of the municipal court, the judge shall certify the proceedings to the court of common pleas. However, the municipal court is authorized to examine the new claims to determine whether they state authentic claims that exceed its monetary jurisdiction; it is not required to certify cases to the common pleas court based solely upon the amount stated in the demand. Lewallen v. Mentor Lagoons, Inc., 85 Ohio App.3d 91, 619 N.E.2d 98 (8th Dist.1993).
{¶ 7} If the counterclaims are authentic claims that exceed the court's monetary jurisdiction, then the claims should not be bifurcated, and the entire case, including the forcible entry and detainer claim, must be certified to the common pleas court, as required by the statute. State ex rel. Penn v. Swain, 21 Ohio App.3d 119, 486 N.E.2d 1187 (11th Dist.1984), is compelling. In that case, the landlord, Mentor Lagoons, commenced an action in Mentor Municipal Court against two of its tenants who filed counterclaims against the landlord in excess of the municipal court's monetary jurisdiction. The court certified the counterclaims to the common pleas court, but retained the landlord's claim. The tenants commenced a prohibition action against the municipal court judge in the court of appeals. The Eleventh District ruled that R.C. 1901.22(E) and Civ.R. 13(J) require that the entire case be certified to the common pleas court; the law does not permit the municipal court to separate the counterclaims. Thus, the court of appeals ordered the municipal court to certify the entire case to the common pleas court.
{¶ 8} Similarly, other courts have ruled that if the new claims are proper and exceed the municipal court's monetary jurisdiction, then the statute and the rule require transfer of the entire case. In Pete's Grill, Inc. v. Entercorp , 8th Dist. Cuyahoga No. 61547, 1992 WL 369301 (Dec. 10, 1992), the municipal court had certified the entire case to the common pleas court. After the tenant had lost on the forcible entry and detainer claim, the tenant on appeal argued that the municipal court erred in certifying the entire matter. This court rejected that argument:
Appellant's contention is premised on the false assumption that the Lyndhurst Municipal Court had the authority to retain the forcible entry and detainer action while certifying the counterclaims and third-party complaint to the trial court. * * * when such an action includes claims over which the municipal court does not have jurisdiction, the municipal court must certify the entire case to the court of common pleas.
See Bohinc v. Stafford, 8th Dist. Cuyahoga No. 52335, 1987 WL 8138 (Mar. 19, 1987) ; Widder & Widder v. Kutnick , 113 Ohio App.3d 616, 626, 681 N.E.2d 977 (8th Dist.1996) -certification is mandatory when a counterclaim exceeds the monetary jurisdiction; Richwood Homes, Inc. v. Brown , 3 Ohio App.3d 204, 444 N.E.2d 463 (10th Dist.1981) ; and Wells v. Cunningham, 56 Ohio Misc.2d 9, 564 N.E.2d 758 (M.C.1990).
{¶ 9} The respondents argue that they have basic statutory jurisdiction to decide forcible entry and detainer actions, that the law grants them discretion as to when and how to rule on the counterclaims, and that appeal is an adequate remedy at law to determine whether they correctly handled the counterclaims.
*1126 {¶ 10} Respondents rely on Lewallen, 85 Ohio App.3d 91, 619 N.E.2d 98 (8th Dist.1993), for the proposition that appeal provides an adequate remedy for certification issues. Lewallen is distinguishable because in that case, the municipal court found that the counterclaims did not exceed the monetary jurisdiction of the small claims court, much less the monetary jurisdiction of the municipal court. Similarly, Swenson's Ice Cream Co. v. Cleveland Swenson's Inc., 1 OBR 324 (M.C.1982), is not persuasive. The language that a municipal court may retain the forcible entry and detainer claim while certifying the counterclaim to the common pleas court is dicta, because the forcible entry and detainer claim was moot as the tenant had already surrendered the premises.
{¶ 11} State ex rel. Fegan v. Berea Mun. Court, 8th Dist. Cuyahoga No. 77936, 2000 WL 574468 (May 8, 2000), and Colombo Ents., Inc. v. Fegan, 142 Ohio App.3d 551, 756 N.E.2d 211 (8th Dist.2001), are not compelling. In those cases, the Berea Municipal Court denied the motion to certify, implicitly finding that the counterclaims did not exceed the monetary jurisdiction of the municipal court. In the present case, both the magistrate and the judge reviewed the counterclaims and found them to be neither shams nor within the monetary jurisdiction of the municipal court, because they ordered them to be certified to the common pleas court after the resolution of the forcible entry and detainer claim. R.C. 1901.22(E), Civ.R. 13(J), and the precedent of this court require that if the determination is made that the counterclaims exceed the court's monetary jurisdiction, then the municipal court has the duty to certify the entire case to common pleas court. Moreover, in mandamus this court has the duty to effect the statute and enforce the clear legal duty. State ex rel. McQueen v. Cuyahoga Cty. Court of Common Pleas, Probate Div., 135 Ohio St.3d 291, 986 N.E.2d 925 (2013).
{¶ 12} Accordingly, this court issues the writ of mandamus and orders the respondents to certify the underlying case, Subway Real Estate, L.L.C. v. El Turk, Berea M.C. No. 17CVG02090, including the forcible entry and detainer claim, to the Cuyahoga County Common Pleas Court. The writ of prohibition and the alternative writ are rendered moot. Respondents to pay costs; costs waived. This court directs the clerk of courts to serve all parties notice of this judgment and its date of entry upon the journal as required by Civ.R. 58(B).
{¶ 13} Writ of mandamus granted.
KATHLEEN ANN KEOUGH, P.J., and MELODY J. STEWART, J., CONCUR