[Cite as *State ex rel. Hall v. Fink*, 2023-Ohio-4785.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO, EX REL.,
SHERRY HALL,                                          :

      Relator,                                      :

                                         No. 113349

      v.                                                 :

EDWARD J. FINK,
AS MAGISTRATE JUDGE, AND
PARMA MUNICIPAL COURT,                   :

      Respondent.                               :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  WRIT OF MANDAMUS GRANTED
**DATED:**  December 22, 2023

---

Writs of Mandamus and Prohibition
Order No. 570560

---

*Appearances:*

Legal Aid Society of Cleveland, Joshua D. Rovenger, Melissa Salamon, Eric S. Zell, and Sam Sheffield, *for relator*.

Timothy G. Dobeck, Law Director, City of Parma, and Michael P. Maloney, Assistant Law Director, City of Parma, *for respondent*.

EILEEN T. GALLAGHER, J.:

{¶ 1} On November 6, 2023, the relator, Sherry Hall, commenced this mandamus and prohibition case against Magistrate Edward Fink and Parma Municipal Court to prohibit the court from proceeding to adjudicate the underlying case, *MAZCleveland L.L.C. v. Hall,* Parma M.C. No. 23 CVG 03026, and to compel the court to transfer the case to the Cuyahoga County Common Pleas Court.

{¶ 2} Hall avers the following: When she was in danger of losing her home because of back taxes, MAZCLeveland offered to buy her home. Hall maintains that MAZCleveland represented that the purchase of the home would pay the taxes and still leave her with $80,000. Thus, Hall sold her home to MAZCleveland in reliance on the representation that she would net $80,000. However, after the sale, she realized that the taxes were taken out of the $80,000 and she was left with far less than anticipated. When she tried to rescind the deal, MAZCleveland commenced the underlying case, a forcible entry and detainer action to evict her from her home. Hall counterclaimed for fraud, fraudulent inducement, unjust enrichment, and quiet title and sought damages in excess of $40,000 that exceeds the municipal court's monetary jurisdiction.

{¶ 3} On November 28, 2023, this court issued an alternative writ to either recommend certifying the entire case, including the forcible entry and detainer claim, to the common pleas court or to show cause as to why the case should not be certified. Pursuant to that order, on December 11, 2023, the respondents, Parma

Municipal Court and Magistrate Edward Fink, filed their answer and response to the alternative writ.[1] The gravamen of the pleading is: "Respondents hereby notify this Court that Respondents do not object to certification of Parma Municipal Court Case No. 23 CVG 03026 to the Cuyahoga County Court of Common Pleas."

{¶ 4} Accordingly, this court grants the writ of mandamus and orders the respondents to certify the entire underlying case, *MAZCleveland L.L.C. v. Hall*, Parma M.C. No. 23 CVG 03026, including the forcible entry and detainer claim and any third-party claims to the Cuyahoga County Common Pleas Court forthwith. The claim for a writ of prohibition and the alternative writ are rendered moot. *State ex rel. Turk v. Comstock,* 2018-Ohio-2125, 113 N.E.3d 1122 (8th Dist.). Respondents to pay costs; costs waived. This court directs the clerk of courts to serve all parties notice of the judgment and its date of entry upon the journal as required by Civ.R. 58(B).

{¶ 5} Writ of mandamus granted.

_____
EILEEN T. GALLAGHER, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
LISA B. FORBES, J., CONCUR

---

[1] Because Parma Municipal Court was a party to the answer, this court pursuant to Civ.R. 19 adds Parma Municipal Court as a respondent and eliminates any confusion arising from naming only the magistrate in the caption of the case. The court notes that the complaint seeks relief from the court and not just the magistrate.