[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 377.]

WESTON ET AL., APPELLANTS AND CROSS-APPELLEES, *v.* WESTON PAPER AND MANUFACTURING COMPANY; TURNER ET AL., APPELLEES AND CROSS-APPELLANTS.

[Cite as *Weston v. Weston Paper & Mfg. Co.*, 1996-Ohio-148.]

*Corporations—Torts—Determination of whether shareholder action against corporation should be brought as a derivative action pursuant to Civ.R. 23.1 or as a direct personal action.*

(No. 94-1327—Submitted October 24, 1995—Decided January 24, 1996.)

APPEAL and CROSS-APPEAL from the Court of Appeals for Montgomery County, No. 13815.

_____

{¶ 1} Plaintiffs-appellants and cross-appellees are six members of the Weston family who in March 1991 owned about 6.8 percent of the stock of the Weston Paper and Manufacturing Company ("Weston Paper"). Defendants-appellees and cross-appellants are Corporate Finance & Investment Studies ("CFIS"), a firm hired to make annual valuations of Weston Paper stock for purposes of a qualified stock option plan,[1] and three of six Weston Paper corporate directors: Edward T. Turner, Jr., President and CEO of Weston, Paul H. Granzow, Senior Vice-President, and Ruel F. Burns, Jr., a retired employee. Weston Paper is a privately held company whose stock is not traded on any public exchange.

{¶ 2} The Westons filed an action in 1991 against the three named directors and CFIS, as well as the corporation itself. They stated their claims as direct

_____

1. Weston Paper directors hired Dillon, Read & Company in 1972 to make a valuation of company stock in order to effectuate the stock option plan for key employees. Designated employees were permitted to take up to fifty percent of their annual bonus in company stock. CFIS was formed in 1980 by Ellis Klingeman, who had performed the valuation work for Dillon, Read. The directors then retained CFIS to perform the annual valuation.

personal claims against the defendants, rather than as shareholder derivative claims on behalf of the corporation. They alleged that the three directors, in collusion with CFIS, had injured them by keeping the price of the stock artificially low to reap unfair benefits through the stock option plan. (The trial court dismissed the claims against the corporation, but ordered it to remain a party to the action. The order was not appealed.) The Westons alleged that the defendants' conduct amounted to a breach of their fiduciary duty to the minority shareholders, resulting in specific and distinct injuries to the Westons, thus supporting a direct action. Appellants did not base their claims on the theory that the operation of the stock option plan in any way amounted to excessive compensation to the beneficiaries thereof.

{¶ 3} The Court of Common Pleas of Montgomery County granted the defendants' motion for summary judgment. The Court of Appeals for Montgomery County affirmed.

{¶ 4} The cause is now before this court upon the allowance of a discretionary appeal.

_____

*Murray & Murray Co., L.P.A.*, *John T. Murray, Dennis E. Murray, Jr., Dennis E. Murray, Sr.,* and *David D. Yeagley,* for appellants and cross-appellees.

*Bieser, Greer & Landis* and *David C. Greer,* for appellees and cross-appellants Edward T. Turner, Jr., Paul H. Granzow and Ruel F. Burns, Jr.

*Coolidge, Wall, Womsley & Lombard Co., L.P.A.*, *Roger J. Makley* and *Janice M. Paulus,* for appellee and cross-appellant Corporate Finance & Investment Studies, Inc.

_____

**WRIGHT, J.**

{¶ 5} Appellants urge that they be allowed to maintain a direct action against appellees and the directors. To permit this, they urge an extension of the

holding in *Crosby v. Beam* (1989), 47 Ohio St.3d 105, 548 N.E.2d 217. For the reasons set forth, we find that this case, if indeed there has ever been a case, should have been filed as a derivative action pursuant to Civ. R. 23.1.

{¶ 6} Civ.R. 23.1 establishes the requirements for maintaining a shareholders' derivative action. Specifically, complaining shareholders must (1) spell out the efforts made to have the directors or the other shareholders take the action demanded, (2) explain why they failed in this effort or did not make it, and (3) show that they "fairly and adequately" represent the interests of other shareholders "similarly situated." Appellants meet none of these criteria on the basis of their complaint. Little wonder that the Westons argue for a direct action by extending *Crosby v. Beam* to reach these facts, since they clearly did not meet the requirements of Civ.R. 23.1.

{¶ 7} We hold that the Westons do not have a direct cause of action under *Crosby* for the simple reason that Weston Paper is not a close corporation as was the case in *Crosby*. There was only a handful of shareholders in *Crosby*. Weston Paper has about one hundred shareholders and in March 1991 had 361,533 shares of outstanding stock. Moreover, every other shareholder is situated similarly to appellants and could bring the same action. As we noted in *Crosby*, "if the complaining shareholder is injured in a way that is separate and distinct from an injury to the corporation, then the complaining shareholder has a direct action." *Crosby*, 47 Ohio St.3d at 107, 548 N.E.2d at 219. While such a separate and distinct injury was alleged, the Westons have been unable to provide any evidence of it. None of the damage they claim is unique to them. If any injuries occurred, they occurred to all the other shareholders alike. That is precisely the situation in which derivative actions are required.

{¶ 8} The action against CFIS must be derivative, because the claim against CFIS is that it contributed to the same damages caused by the directors and the action against the directors must be derivative. The rule for this situation is found

in *Adair v. Wozniak* (1986), 23 Ohio St.3d 174, 23 OBR 339, 492 N.E.2d 426, syllabus, where this court held that:

"A plaintiff-shareholder does not have an independent cause of action where there is no showing that he has been injured in any capacity other than in common with all other shareholders as a consequence of the wrongful actions of a third party directed towards the corporation."

**{¶ 9}** While we find no injury arising from the conduct of CFIS, we hold that if there had been, an action for recovery would have had to have been derivative in nature.

**{¶ 10}** Our holding on the threshold issue of whether the action could be brought as a direct action rather than a derivative action renders the cross-appeal moot.

**{¶ 11}** The decision of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., RESNICK, PFEIFER and COOK, JJ., concur.

DOUGLAS and F.E. SWEENEY, JJ., dissent.

———————————