[Cite as *Ryan v. Ryan*, 2014-Ohio-3049.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Victoria L. Ryan, | : | |
| Plaintiff-Appellee, | : | No. 14AP-28 |
| | | (C.P.C. No. 03DR-1375) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Brian R. Ryan, | : | |
| Defendant-Appellant | : | |

D E C I S I O N

Rendered on July 10, 2014

*Bradley Frick & Associates*, *Jennifer C. Goldson* and *Bradley N. Frick*, **for appellee.**

*David L. Day*, *A Legal Professional Assn.*, **and** *David L. Day*, **for appellant.**

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Brian R. Ryan, appeals from a judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, affirming a magistrate's decision finding appellant in contempt. We affirm that judgment.

**I. Facts and Procedural History**

{¶ 2} Appellant and appellee, Victoria L. Ryan, divorced in February 2005. In the Divorce Decree, the parties agreed that "[appellant] shall assume and pay any and all marital debts according to the terms of said indebtedness and shall ever save [appellee] harmless with respect to said debts, including, but not limited to, * * * all debt associated

with the 1980 sailboat."  (Decree of Divorce, 4.)  Appellant failed to make any payments on the sailboat debt after the divorce.

{¶ 3}  In April 2008, the holders of the promissory note on the sailboat filed suit against appellant and appellee.  Both parties failed to file an answer to the complaint, resulting in a default judgment against the parties.  Appellee, believing her counsel at the time had filed a response to the lawsuit, first became aware of the default judgment in August 2012 when her employer received a notice of garnishment and began garnishing her wages.  On September 28, 2012, appellee filed a motion for contempt and to show cause against appellant.

{¶ 4}  During the contempt hearings held before the magistrate, the evidence demonstrated the following facts:  Greene County Department of Job and Family Services provides appellant a grocery subsidy of $200 each month; appellant currently lives rent free at a house owned by his father, who also pays the water bill; and appellant's current wife pays his monthly phone bill.  In total, the record shows appellant's monthly out-of-pocket expenses equal approximately $26.

{¶ 5}  The evidence also revealed that appellant was found to be disabled in December 2011, but has not begun receiving payments from Social Security Disability ("SSD") because of unfinished paperwork.  The record shows appellant will receive $470 per month from SSD in each of the eight months that he will not receive payments from a trust, which, over the entire period appellant has received disbursements, have ranged from $128 to as much as approximately $1,900.

{¶ 6}  During the hearing, appellant testified he knew where the sailboat was located.  The magistrate suspended the proceedings and ordered appellant to sell the sailboat in order to satisfy the amount owed on the loan.  Once the case resumed, appellant advised the court the sailboat was no longer in the location he believed and that it had gone "missing."

{¶ 7}  After considering the testimony and evidence submitted, the magistrate found appellant in contempt.  The magistrate ordered appellant to pay a fine of $100, pay $4,000 of appellee's attorney fees, and sentenced appellant to 30 days incarceration.  The court allowed appellant to purge the contempt by making payments of $300 per month

towards the garnished amounts of appellee's wages and paying any lump sums appellant received from SSD to appellee.

{¶ 8}   Both parties filed objections to the magistrate's decision.  After a complete de novo review of the record and having heard arguments by the parties, the trial court affirmed the magistrate's decision and order.  Appellant timely appealed the trial court's decision and entry.

## II. Assignments of Error

{¶ 9}   Appellant assigns the following three assignments of error for our review:

> 1. The trial court erred in finding that [appellant] had not proven his inability to pay by a preponderance of the evidence.
>
> 2. The trial court erred in finding [appellant] guilty of contempt for failure to pay the debt on the sailboat and imposing conditions upon [appellant] from which he could not purge himself.
>
> 3. The trial court erred in determining that [appellant's] obligation under the divorce decree was not a debt subject to the constitutional prohibition of incarceration for failure to pay a debt.

## III. Standard of Review

{¶ 10} On review, an appellate court will not reverse a trial court's determination regarding contempt proceedings absent an abuse of discretion.  *Hopson v. Hopson*, 10th Dist. No. 04AP-1349, 2005-Ohio-6468, ¶ 9, citing *State ex rel. Ventrone v. Birkel*, 65 Ohio St.2d 10, 11 (1981). The term "abuse of discretion" is more than an error of law or judgment; rather, it implies that the court's attitude is "unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

## IV. Discussion

### A.  First Assignment of Error: Appellant's Ability to Pay Sailboat Debt

{¶ 11} In his first assignment of error, appellant argues the trial court erred when it found appellant had not proven by a preponderance of the evidence that he was unable to pay the debt associated with the sailboat.  We disagree.

{¶ 12} Typically, contempt proceedings in a domestic relations matter are civil in nature because the purpose is to coerce or encourage future compliance with the court's orders. *Fidler v. Fidler*, 10th Dist. No. 08AP-284, 2008-Ohio-4688 , ¶ 11, citing *Turner v. Turner*, 10th Dist. No. 98AP-999 (May 18, 1999).   In a civil contempt proceeding, the movant bears the initial burden of demonstrating by clear and convincing evidence the other party has violated a court order. *Rife v. Rife*, 10th Dist. No. 11AP-427, 2012-Ohio-949, ¶ 10, citing *Hopson* at ¶ 19.  However, " '[o]nce the movant has met her burden, the burden shifts to the other party to either rebut the showing of contempt or demonstrate an affirmative defense by a preponderance of the evidence.' "   *Rife* at ¶ 10, quoting *Hopson* at ¶ 19, citing *Pugh v. Pugh*, 15 Ohio St.3d 136, 140 (1984).  Therefore, a party seeking to raise impossibility as a defense to contempt of a court order must do so by a preponderance of the evidence. *Rife* at ¶ 10, citing *Hopson* at ¶ 20.

{¶ 13} Here, the parties entered into an agreed divorce decree, through which appellant voluntarily assumed responsibility for marital debts, including any debt associated with the 1980 sailboat.  The record is void of any evidence demonstrating appellant made any payments towards the loan on the sailboat.  Indeed, appellant conceded he had failed to make any payments on the sailboat loan after the final divorce decree. Therefore, the record shows by clear and convincing evidence appellant violated a valid court order.

{¶ 14} Appellant failed, as the burden had shifted to him, to establish sufficient evidence demonstrating he was unable to pay the debt as required by the divorce decree. Under the divorce decree, appellant received a number of assets as well as a cash award totaling approximately $20,000.  At the time of the divorce, the evidence showed that appellant earned $1,500 per week and received quarterly trust payments ranging anywhere from approximately $128 to $1,270.

{¶ 15} To further support his contention that he cannot pay the debt, appellant argues he has been unable to work since 2oo1.  However, the record shows the Social Security Administration ("SSA") did not determine appellant to be disabled until 2011. Appellant had previously applied for SSD in 2009 and it was determined he was not disabled.  Appellant presented no other evidence establishing he could not work prior to 2011 as he claims.

{¶ 16} We find appellant did not establish by a preponderance of the evidence that he was unable to pay the debt. Accordingly, we overrule appellant's first assignment of error.

### B. Second Assignment of Error: Reasonableness of Purge Order

{¶ 17} In his second assignment of error, appellant contends the trial court erred by affirming conditions in the magistrate's purge order that were unreasonable, arbitrary, and an abuse of discretion. Specifically, appellant argues the amount he is required to pay is unreasonable given his lack of income. This argument is not well-taken.

{¶ 18} "A sanction for civil contempt must allow the contemnor the opportunity to purge [himself] of the contempt prior to imposition of any punishment." *Columbus v. Cicero*, 10th Dist. No. 12AP-407, 2013-Ohio-3010, ¶ 31, citing *Rowell v. Smith*, 10th Dist. No. 12AP-262, 2012-Ohio-4667. " 'The contemnor is said to carry the keys of his prison in his own pocket * * * since he will be freed if he agrees to do as so ordered.' " *Sansom v. Sansom*, 10th Dist. No. 05AP-645, 2006-Ohio-3909, ¶ 24, quoting *Brown v. Executive 200, Inc.*, 64 Ohio St.2d 250, 253 (1980).

{¶ 19} The magistrate's contempt order allowed appellant to avoid incarceration and a $100.00 fine by paying appellee $300.00 a month to be applied towards the $414.65 appellee's employer garnished each month to satisfy the judgment for the sailboat debt and by paying any lump sum he received from SSD to appellee. As discussed above, the record establishes appellant's current expenses are approximately $26 per month. Additionally, appellant receives quarterly distributions from his grandmother's trust and is eligible to receive monthly SSD payments in the amount of $470 in the months he does not receive trust payments.

{¶ 20} Based on this evidence, we do not find the purge order was unreasonable. Considering his very minimal expenses and the conditional nature of any lump sum payments, the evidence demonstrates appellant has the ability to pay the $300 each month. Accordingly, we overrule appellant's second assignment of error.

### C. Third Assignment of Error: Incarceration

{¶ 21} In his third assignment of error, appellant claims the trial court erred when it determined the debt owed on the sailboat was not subject to the constitutional prohibition against incarceration for failure to pay a debt. Specifically, appellant contends

he cannot be incarcerated for any debt he owes with respect to the sailboat, as it is prohibited by Article I, section 15 of the Ohio Constitution.  We do not agree.

{¶ 22} The Supreme Court of Ohio has held that "punishment for violation of divorce decree provisions does not impinge upon the constitutional prohibition against imprisonment for debts." *Pugh* at 142, citing *Harris v. Harris*, 58 Ohio St.2d 303, 311 (1979).  Here, appellant is subject to incarceration because he was found in contempt of a court order, not because of the debt owed on the sailboat.  Pursuant to R.C. 2705.05, a court, after a hearing on the contempt charge, may impose for a first offender a "fine of not more than two hundred fifty dollars, a definite term of imprisonment of not more than thirty days in jail, or both."  R.C. 2705.05(A)(1).

{¶ 23} The magistrate held a full hearing on the contempt matter, providing appellant the opportunity to establish any defenses he had to the contempt motion.  Upon finding appellant in contempt, the magistrate appropriately sentenced him to imprisonment, with an opportunity to avoid any incarceration, in accordance with the law.

{¶ 24} Therefore, we find the trial court did not err and, accordingly, overrule appellant's third assignment of error.

## V.  Conclusion

{¶ 25} Having overruled appellant's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations.

*Judgment affirmed.*

KLATT and DORRIAN, JJ., concur.

_____